IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 96-50801

Summary Calendar

———————

DONALD C. THOMAS, JR.

Plaintiff-Appellant,

versus

ABBOTT BUILDING COMPANY; ABBOTT BUILDING
COMPANY OF SAN ANGELO INCORPORATED;
H. EUGENE ABBOTT; RICHARD E. ABBOTT;
TIMOTHY J. HODGENS; DON THOMAS;

Defendants-Appellees.

———————

Appeal from the United States District Court
For the Western District of Texas
(MO-96-CV-44)

———————

May 21, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Plaintiff Donald C. Thomas appeals the district court's grant of summary judgment on his

R.I.C.O. suit against the defendants. In Plaintiff's own words, his R.I.C.O. claim is predicated on

alleged acts by defendants in a "scheme to deceive the Bankruptcy Court, defraud Appellant and [the]

———————

*Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

creditors," in the Abbott Development Company bankruptcy. Plaintiff's claim is based on the assertion that one of defendants' representations to the bankruptcy court was untrue, and that the Bankruptcy court's reliance on this misrepresentation caused it to refuse a plan under which Plaintiff would have assumed ownership and control of the bankrupt company. However, as Plaintiff candidly acknowledges, he was a participant in the bankruptcy court and was represented by counsel there. Almost eleven months passed between this "misrepresentation" to the bankruptcy court and the ultimate approval of the reorganization plan. Plaintiff points to nothing that might have prevented him from raising this issue in the bankruptcy court, or on direct appeal of the reorganization plan.

This court has often recognized the importance of finality in bankruptcy judgments. Matter of Baudoin, 981 F.2d 736 (5th Cir. 1993). Accordingly, we apply a traditional test for matters res judicata in the bankruptcy context. "An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to re-litigate any of the matters that were raised or could have been raised therein is barred by the doctrine of res judicata." Id. (emphasis original). We may affirm the district court on any basis supported by the record. Little v. Liquid Air Corp., 37 F.3d 1069, 1079 (5th Cir. 1994) (en banc); Morales v. Department of Army, 947 F.2d 766 (5th Cir. 1991). We affirm the district court's grant of summary judgment because Plaintiff's claims are barred by res judicata. Accordingly, we decline to review Plaintiff's claims that the bankruptcy court's approval of a reorganization plan not to Plaintiff's liking was the result of R.I.C.O. violations sufficient to confer standing on Plaintiff.

AFFIRMED.